IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY ) | |
| ) | |
| Plaintiff ) | CASE NO.:  1:14-cv-5 |
| ) | |
| v. ) | |
| ) | |
| CENTER FOR ADVANCED SPINE ) | JUDGE: |
| TECHNOLOGIES, INC. ) | |
| ) | |
| and ) | **COMPLAINT FOR DECLARATORY** |
| ) | **JUDGMENT** |
| ABUBAKAR ATIQ DURRANI, M.D. ) | |
| ) | |
| and ) | **[Jury Demand Endorsed Hereon]** |
| ) | |
| "THE UNDERLYING PLAINTIFFS" AS ) | |
| IDENTIFIED IN APPENDIX I, ATTACHED ) | |
| AND INCORPORATED BY REFERENCE ) | |
| HEREIN ) | |
| ) | |
| and ) | |
| ) | |
| "THE UNDERLYING CO-DEFENDANTS" ) | |
| AS IDENTIFIED IN APPENDIX I, ) | |
| ATTACHED AND INCORPORATED BY ) | |
| REFERENCE HEREIN ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE "UNDERLYING PLAINTIFFS" ) | |
| 1-1000 ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE "UNDERLYING CO- ) | |
| DEFENDANTS" 1-1000 ) | |
| ) | |
| Defendants. ) | |
| ) | |

{00623296; 2; 1034-0011}            1

Plaintiff The Medical Protective Company ("Medical Protective") states for its Complaint for Declaratory Judgment against the Defendants as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Medical Protective is an Indiana corporation with its principal place of business in Fort Wayne, Indiana, and at all relevant times was engaged in the business of insurance.

2. At all relevant times, Center for Advanced Spine Technologies, Inc. ("CAST") was an Ohio corporation with its principal place of business in Ohio.

3. Upon information and belief, Abubakar Atiq Durrani, M.D. ("Durrani") maintained a domicile other than in Indiana, and is the President, Chief Executive Officer, and sole shareholder of CAST.

4. At all relevant times, the "Underlying Plaintiffs", as identified in Appendix I, have brought suit, *inter alia*, against CAST and/or Durrani. Due to the number of parties, rather than list them each Underlying Plaintiff individually in this Complaint, they have been identified in the attached Appendix I, which is incorporated by reference as if fully rewritten herein.

5. At all relevant times, the Underlying Co-Defendants, as identified in Appendix I, were citizens of a state other than Indiana. Due to the number of parties, rather than list each Underlying Co-Defendant in this Complaint, they have been listed in the attached Appendix I, which is incorporated by reference as if fully rewritten herein.

6. John Doe Underlying Plaintiffs #1-1000 are persons bringing suit against CAST and/or Durrani. The identities of the John Doe Underlying Plaintiffs #1-1000 are unknown to Medical Protective despite due diligence.

7. John Doe Underlying Co-Defendants #1-1000 are persons who are co-defendants in suits brought against CAST and/or Durrani. The identities of the John Doe Underlying Co-Defendants #1-1000 are unknown to Medical Protective despite due diligence.

8. The matter in controversy involves diversity of citizenship between Medical Protective and one or more Defendants, and exceeds the sum value of $5,000,000, vesting this Court with jurisdiction as a "mass action" pursuant to 28 U.S.C. § 1332(d).

9. The matter in controversy involves a declaration of rights, duties, and obligations under insurance policies pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

10. The Court is vested with jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 and 2201.

11. Venue of this matter is proper pursuant to 28 U.S.C. § 1391.

## II. FACTS

12. In 2008, Durrani submitted applications to Medical Protective seeking medical malpractice insurance for himself and for CAST.

13. Medical Protective issued Policy No. 696241 to Durrani, effective January 1, 2009 to January 1, 2010, which was thereafter renewed on an annual basis through December 31, 2013 (collectively "Durrani Policies"), with the policies in effect from January 1, 2009 to December 31, 2010 having limits of $1,000,000 "one occurrence" and $3,000,000 in the aggregate, and the policies in effect from January 1, 2011 to December 31, 2013 having limits of $5,000,000 "one occurrence" and $7,000,000 in the aggregate.

14. Medical Protective issued Policy No. C50325 to CAST, effective January 1, 2009 to January 1, 2010, which was thereafter renewed on an annual basis through December 31, 2013

(collectively "CAST Policies"), having limits of $1,000,000 "one occurrence" and $3,000,000 in the aggregate.

15. Civil lawsuits have been filed in various courts, by the Underlying Plaintiffs, *i.e.*, the individuals identified in Appendix I, against Durrani, CAST, and the Underlying Co-Defendants, *i.e.*, those persons identified in Appendix I, alleging, *inter alia*, battery, lack of informed consent, negligence, negligent supervision, fraud, intentional infliction of emotional distress, loss of consortium, violation of the Safe Medical Devices Act, violation of the Ohio Consumer Sales Protection Act, violations of Federal and State RICO statutes, unjust enrichment, and spoliation of evidence (collectively "Underlying Lawsuits").

16. Durrani and CAST tendered defense and indemnity of the Underlying Lawsuits to Medical Protective under the Durrani Policies and under the CAST Policies.

17. Medical Protective retained the law firm of Lindhorst & Dreidame, LPA to defend Durrani and CAST in the Underlying Lawsuits.

18. According to news articles from December 13-14, 2013, the United States Attorney's Office has reported that Durrani has left the United States and returned to Pakistan.

19. The news further reports that one of the Underlying Lawsuits, captioned, *Crystal Pierce v. Abubakar Atiq Durrani, M.D., et al.*, Case No. A1200265, Court of Common Pleas for Hamilton County, Ohio ("Pierce Litigation"), will proceed to trial as scheduled on January 6, 2014, with Durrani tried in abstentia.

20. By letter of December 19, 2013 to Durrani, Medical Protective advised that it had learned that he had left the United States and would not be in attendance at the trial of the Pierce Litigation; advised him of his duty to cooperate and attend and assist in the preparation and trial of the Pierce Litigation; and, informed him that if he did not attend and assist in the preparation

and trial of the Pierce Litigation, that the chances of a defense verdict in the Pierce Litigation were significantly reduced and further that he would be in breach of the Conditions of the Durrani Policies and CAST Policies.

21. On December 23, 2013, Crystal Pierce ("Pierce"), the plaintiff in the Pierce Litigation, filed a "Legal Memorandum on Various Trial Issues", asking the Court of Common Pleas for Hamilton County, Ohio to take "judicial notice to the jury of Dr. Durrani's flight.  In addition, Plaintiff should be allowed to argue the flight is consciousness of his malpractice."

22. By email of December 23, 2013 to Medical Protective, Durrani advised, "I will not be able to return back to the US and unfortunately will not be able to assist in any way in defense of these civil cases."

23. An authentic duplicate of Durrani's application is attached as Exhibit 1.

24. Authentic duplicates of the Durrani Policies from 2009-2012 are attached as Exhibits 2-5.

25. Authentic duplicates of the CAST Policies from 2009-2012 are attached as Exhibits 6-9.

26. Authentic duplicates of the news articles are attached as Exhibits 10-12.

27. An authentic duplicate of Medical Protective's December 19, 2013 letter is attached as Exhibit 13.

28. An authentic duplicate of Pierce's "Legal Memorandum on Various Trial Issues" is attached as Exhibit 14.

29. An authentic duplicate of Durrani's December 23, 2013 email is attached as Exhibit 15.

30. An actual justiciable controversy has arisen as to whether the Durrani Policies and/or CAST Policies provide coverage to Durrani and/or CAST for the Underlying Lawsuits.

31. The Underlying Plaintiffs and the Underlying Co-Defendants have an interest in this controversy, such that disposition of this action in their absence may impair or impede their ability to protect such interest.

### III. COUNT I - BREACH OF DUTY TO COOPERATE

32. Medical Protective restates Paragraphs 1 through 31 of its Complaint.

33. The Durrani Policies and CAST Policies provide, in pertinent part:

> Upon the following conditions:
>
> \*   \*   \*
>
> 2 The Insured shall not (a) make any hold harmless agreements or contract any expense nor voluntarily assume any liability in any situation nor (b) make or contract any settlement of a claim hereunder, except at his own cost and responsibility, without the written authorization of the Company.  The Insured shall at all times fully cooperate with the Company in any claim hereunder and shall attend and assist in the preparation and trial of any such claim.

34. Durrani and CAST have failed to cooperate with Medical Protective and assist in the preparation and trial of the Underlying Lawsuits.

35. Durrani and CAST have failed to comply with the Conditions of the Durrani Policies and CAST Policies.

36. Durrani and CAST's failure to comply with the Conditions of the Durrani Policies and CAST Policies is a material breach of the Durrani Policies and CAST Policies.

37. Durrani and CAST's actions have caused prejudice to Medical Protective with respect to the Underlying Lawsuits.

38. The Durrani Policies and CAST Policies do not provide coverage to Durrani and

CAST for the Underlying Lawsuits.

39. Medical Protective is entitled to a declaration that it has no duty to defend and/or indemnify Durrani and/or CAST under the Durrani Policies or CAST Policies for the Underlying Lawsuits.

### IV. COUNT II - RESCISSION

40. Medical Protective restates Paragraphs 1 through 39 of its Complaint.

41. Durrani stated in his application (Ex. 1) that he had not been involved "in a claim, potential claim, or suit arising out of the rendering or failing to render professional services."

42. Durrani's statements were not true, as at the time of his application in 2008, Durrani had been a defendant in seven medical malpractice actions.

43. Durrani's representations and statements during the application process were material to the risk that was to be undertaken by Medical Protective.

44. Medical Protective relied upon Durrani's representations and statements during the application process.

45. The Representation Endorsement of the Durrani Policies provides, in pertinent part:

**REPRESENTATION ENDORSEMENT**

> It is hereby agreed and understood that Condition 8 of the policy is hereby deleted and replaced with the following:
>
> By acceptance of this policy, the Insured agrees the statements in any application (new and renewal) submitted to the Company are true and correct. * * * Therefore, it is understood and agreed that, to the extent permitted by law, the Company reserves the right to rescind this policy, or any coverage provided herein, for any material misrepresentation made by the Insured.

> The representations made by the Insured in the applications are the basis for the coverage provided, as well as the Company's calculation of the applicable premium.
>
> \* \* \*
>
> It is understood and agreed that the statements made in the Insured's application are incorporated into, and shall form a part of, this policy. Therefore, this policy, any endorsements attached thereto, and the applications embody all agreements between the Insured and the Company, or any of its authorized representatives, relating to this insurance.

46.  As Durrani's representations and statements in his application were not true, Durrani breached his agreement, as set forth in the Representation Endorsement of the Durrani Policies.

47.  As a result of Durrani's misrepresentations and/or breach of agreement, the Durrani Policies are rendered void *ab initio*, and Medical Protective is entitled to rescind the Durrani Policies.

WHEREFORE, Medical Protective respectfully demands the following relief:

1. Declaratory judgment that Medical Protective has no duty to defend and/or indemnify Durrani and/or CAST under the Durrani Policies and/or CAST Policies for the Underlying Lawsuits;
2. Declaratory judgment that the Durrani Policies are rendered void *ab initio* and that Medical Protective is entitled to rescind the Durrani Policies;
3. Costs;
4. Reasonable attorney fees; and
5. Any other relief the Court deems equitable and just.

Respectfully submitted,

*/s/ Crystal L. Maluchnk*
THOMAS D. LAMBROS (0049206), *Of Counsel*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Boulevard, Suite 300
Cleveland, Ohio 44147-3521
(440) 838-7600 • Fax (440) 838-7601
Email:  Steven.Janik@Janiklaw.com
         Crystal.Maluchnik@Janiklaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Medical Protective demands a trial by the maximum number of jurors allowed by law.

*/s/ Crystal L. Maluchnik*
THOMAS D. LAMBROS (0049206), *Of Counsel*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)

*Counsel for Plaintiff The Medical Protective Company*