# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) ) ) | CASE NO. 1:14-CV-5 |
| Plaintiff, | ) ) | JUDGE TIMOTHY S. BLACK |
| v. | ) ) ) | MAGISTRATE JUDGE KAREN L. LITKOVITZ |
| ABUBAKAR ATIQ DURRANI, M.D., *et al.* | ) ) ) ) | **MOTION OF THE MEDICAL PROTECTIVE COMPANY TO DISMISS THE AMENDED COUNTERCLAIM** |
| Defendants. | ) ) | |

  Plaintiff/Counterclaim-Defendant The Medical Protective Company ("Medical Protective") respectfully moves the Court, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss the Amended Counterclaim (Doc. No. 153) of the "Answering Defendants" ("Underlying Plaintiffs") for failure to plead fraud with particularity and for failure to state a claim upon which relief can be granted. Medical Protective makes this Motion to the extent the Amended Counterclaim has not been mooted and superseded by Medical Protective's Second Amended Complaint with Class Action Allegations. (Doc. No. 154.)

  Medical Protective respectfully submits the attached Memorandum in support of this Motion.

{56245_3; 1034-0011}

Respectfully submitted,

*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
THOMAS D. LAMBROS (00049206), *Of Counsel*
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
Email: Steven.Janik@janiklaw.com
　　　　Crystal.Maluchnik@janiklaw.com


GEOFFREY C. LAMBERT (Pro Hac Vice)
THE MEDICAL PROTECTIVE COMPANY
5814 Reed Road
Fort Wayne, Indiana  46835
260-486-0390 * Fax:  260-486-0784
Email:  Geoff.Lambert@medpro.com

*Counsel for Plaintiff/Counterclaim-Defendant The Medical Protective Company*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | ) ) ) | CASE NO. 1:14-CV-5 |
| Plaintiff, | ) ) | JUDGE TIMOTHY S. BLACK |
| v. | ) ) ) | MAGISTRATE JUDGE KAREN L. LITKOVITZ |
| ABUBAKAR ATIQ DURRANI, *et al.* | ) ) | **MEMORANDUM IN SUPPORT OF MOTION OF THE MEDICAL** |
| Defendants. | ) ) ) | **PROTECTIVE COMPANY TO DISMISS AMENDED COUNTERCLAIM** |

## I. INTRODUCTION

The Underlying Plaintiffs[1] represented by the Deters Law Firm filed an Amended Counterclaim asserting "Conspiracy to Commit Fraud and Fraud" by Medical Protective based on their conclusion that Medical Protective encouraged Abubakar Atiq Durrani, M.D. ("Durrani") to flee the United States to Pakistan. Underlying Plaintiffs have failed to offer any "where, when, how, who, and what" facts to support this purported fraud. In fact, there are no factual allegations at all, just legal conclusions and speculation, which are not even based on the conduct of Medical Protective. (*See* Doc. 153, Am. Countercl. ¶ 19.)

As this Court recognized in *Arnold v. Alphatec Spine, Inc.,* No. 1:13-CV-714, 2014 WL 2896838 (S.D. Ohio June 26, 2014) (Black, J.), and *Aaron v. Durrani*, No. 1:13-CV-202, 1:13-CV-214, 2014 WL 996471 (S.D. Ohio March 13, 2014) (Black, J.), Underlying Plaintiffs cannot manufacture fraud out of conjecture and implausible theories. As Underlying Plaintiffs have failed to plead fraud with particularity under Rule 9(b), and have otherwise failed to state a claim

---

[1] "Underlying Plaintiffs" refers to those that have filed lawsuits against Abubakar Atiq Durrani, M.D. and/or Center for Advanced Spine Technologies, Inc. ("CAST"). "Underlying Lawsuits" refer to the lawsuits brought by the "Underlying Plaintiffs".

{562545_3; 1034-11} 3

for relief under Rule 12(b)(6), Medical Protective respectfully moves the Court to dismiss the Amended Counterclaim.

## II. THE ALLEGATIONS OF THE AMENDED COUNTERCLAIM

The Amended Counterclaim alleges, in pertinent part:

- Durrani was indicted on federal criminal charges, and trial was set for January of 2014.  (Doc. 153, Am. Countercl. ¶ 3.)

- "[H]ad Dr. Durrani remained in the United States and not fled to Pakistan, there is a probability that he would have been convicted of, or pleaded guilty to, the criminal charges pending against him."  (Doc. 153, Am. Countercl. ¶ 5.)

- "Upon information and belief, Medical Protective, through its employees, agents, or other persons, encouraged Dr. Durrani to flee from the United States.  They made it clear to him what effect his flight would have upon his liability insurance coverage.  The language used by Dr. Durrani in his email to Medical Protective claiming that he was not going to assist in his defense was legalese clearly provided or drafted by someone on behalf of Medical Protective."  (Doc. 153, Am. Countercl. ¶ 8.)

- "Medical Protective encouraged these actions in an attempt to void Dr. Durrani's/CAST's liability insurance coverage, and therefore, avoid payments of claims on behalf of those asserting professional negligence against Dr. Durrani and CAST."  (Doc. 153, Am. Countercl. ¶ 11.)

- "Dr. Durrani's home address, work address, home telephone number, cell phone number, and email address in Pakistan are all known.  Medical Protective has not attempted to have Dr. Durrani cooperate in defending claims because his failure to cooperate is essential in avoiding or voiding coverage."  (Doc. 153, Am. Countercl. ¶ 12.)

- "Dr. Durrani's counsel in the underlying actions specifically gave an example to the Underlying Plaintiffs' counsel of another case in which he told a Hawaiian doctor not to come to an Ohio trial because he would make a terrible impression, and Dr. Durrani's counsel won the trial in that case because the doctor was absent."  (Doc. 153, Am. Countercl. ¶ 14.)

- "[T]he attorneys retained by Medical Protective to represent Dr. Durrani and CAST have repeatedly contradicted themselves in responding to inquiries about whether they have been able to reach Dr. Durrani.  Specifically, they have claimed that they could not reach him to schedule conference call depositions in the underlying state actions, but at other times they claimed to have spoken with him and that he refused to give a deposition."  (Doc. 153, Am. Countercl. ¶ 16.)

- "The Underlying Plaintiffs relied upon Medical Protective's coverage in allowing Dr. Durrani to treat them and further relied on the coverage to pursue their professional negligence claims."  (Doc. 153, Am. Countercl. ¶ 23.)

- "Medical Protective's actions in contributing to Dr. Durrani's flight and continued absence from the United States, as well as their collusion with Defendant Hospitals and Dr. Durrani's retained counsel, are material to Crystal Pierce's recovery of her monetary judgment against Dr. Durrani, which is covered by the Medical Protective insurance agreements at issue.  The other Underlying Plaintiffs and others have claims similar to Ms. Pierce."  (Doc. 153, Am. Countercl. ¶ 24.)

- "Medical Protective acted with the intent to mislead Ms. Pierce and others, …, as to their knowledge of Dr. Durrani's whereabouts, their ability to communicate with him, their actual attempts to communicate with him, and their involvement in his flight from the United States."  (Doc. 153, Am. Countercl. ¶ 26.)

These allegations amount to nothing more than conclusions masquerading as facts, and as explained below, are insufficient to state a claim for fraud.  Accordingly, Medical Protective respectfully moves the Court, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss the Amended Counterclaim.

### III.   UNDERLYING PLAINTIFFS HAVE NOT ALLEGED FRAUD BY MEDICAL PROTECTIVE WITH PARTICULARITY

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers "labels and conclusions," coupled with "naked assertions" devoid of "further factual enhancement" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.

When fraud is alleged, a heightened level of specificity is required.  Rule 9(b) obligates "the plaintiff, 'at a minimum, [to] allege the time, place, and content of the alleged misrepresentation … the fraudulent scheme; the fraudulent intent of the defendants; and the

injury resulting from the fraud.'" *Baird v. Daniels*, No. 1:12-CV-945, 2014 WL 1407945, *2 (S.D. Ohio April 11, 2014) (Black, J.) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)). The party must describe, identify, or specify the required "who, what, when, where, and how" of the alleged fraud, or face dismissal. *Sanderson v. HCA-The Healthcare Co.,* 447 F.3d 873, 877 (6th Cir. 2006)*, cert. denied,* 549 U.S. 889 (2006); *see also Parlin Fund LLC v. Citibank NA,* No. 1:13-CV-111, 2013 WL 3934997, *7-8 (S.D. Ohio July 30, 2013) (dismissing fraud claim for lack of particularity); *Koyo Corp. of U.S.A. v. Comerica Bank,* No. 1:10-CV-2557, 2011 WL 4540957, *9 (N.D. Ohio Sept. 29, 2011) (dismissing conspiracy claim which lacked specificity and "rest[ed] on mere labels and conclusions"); *EBS of Ohio, Inc. v. United Re Ag*, No. 2:09-cv-836, 2010 WL 3769185, *3 (S.D. Ohio Sept. 27, 2010) (dismissing fraud counterclaim that did not allege specific times, specific places, or specific content of allegedly false communications). In the context of corporate defendants, the plaintiff must identify the specific individuals who made the alleged misrepresentations. *Thompson v. Jiffy Lube Intern., Inc.*, 505 F. Supp. 2d 907, 933 (D. Kan. 2007).

Rather than set forth with particularity their claim or attach a single piece of evidence in support, Underlying Plaintiffs broadly allege fraud by Medical Protective through its "employees, agents, or other persons." (Doc. 153, Am. Countercl. ¶ 8.) As an initial matter, the allegations primarily target purported conduct of defense counsel engaged to represent Durrani and CAST in the Underlying Lawsuits, who is not a party to, nor involved in, this Declaratory Judgment action. (*See, e.g.,* Doc. 153, Am. Countercl. ¶¶ 13-18.) These allegations plainly have nothing to do with conduct by Medical Protective and have no place before this Court. In this

regard, a party claiming fraud must identify direct misrepresentations by the alleged wrongdoer, not by third parties:

> [P]laintiffs allege no misrepresentation by Defendants Trinity/Delaware, Trinity/Kentucky, Mr. Simmons, or Mrs. Simmons. Thus they have failed to state a plausible claim for relief [for fraud] against these Defendants sufficient to survive challenge under Fed. R. Civ. P. 12(b)(6) and 9(b).

*Derby City Capital, LLC v. Trinity HR Services*, 949 F. Supp. 2d 712, 734 (W.D. Ky. 2013).

Additionally, a party claiming fraud cannot rely on the alleged statements of a non-party to support their purported claim for fraud:

> [T]he bulk of the misrepresentations upon which Plaintiffs base their claim allegedly were made by Huff, who is not a party to this action. Therefore, these allegations, even taken as true, ***are not relevant and have no direct bearing on this litigation.***

*Id.* at 734 (***emphasis*** added); *see also Christensen v. PennyMac Loan Services, LLC*, 988 F. Supp. 2d 1036, 1041 (D. Minn. 2013) (dismissing fraud based claims where the alleged misrepresentations were made by non-party). Accordingly, Underlying Plaintiffs cannot state a claim against Medical Protective based on the conduct of defense counsel, or for that matter, any other third party.

Underlying Plaintiffs broadly allege Medical Protective assisted Durrani in fleeing the country to avoid its obligations under the insurance policies. (Doc. 153, Am. Countercl. ¶¶ 8, 12.) Underlying Plaintiffs do not offer any facts to support these allegations. They do not describe, identify, or specify a time or place for when and how Medical Protective assisted Durrani's flight. They do not describe, identify, or specify who at Medical Protective assisted Durrani's flight. They do not describe, identify, or specify any facts that support an alleged scheme for Durrani to flee the country so Medical Protective could avoid indemnifying Durrani. Underlying Plaintiffs do not offer any insight into their far-fetched notion that Medical

Protective had anything to do with Durrani's flight to Pakistan. Indeed, the only plausible conclusion to be drawn from Underlying Plaintiffs' allegations is that Durrani fled the country to avoid his federal criminal trial and possible imprisonment. (Doc. 153, Am. Countercl. ¶¶ 3-5.)

Underlying Plaintiffs admit their lack of specifics by conceding their allegations against Medical Protective are based *"upon information and belief"* and their hope to prove their allegations through discovery. (Doc. 153, Am. Countercl. ¶¶ 8-9.) "Information and belief" is generally insufficient to base a claim for fraud. *In re Humphrey*, 146 B.R. 202, 205 (S.D. Ohio 1992). An exception arises where the relevant facts lie exclusively within the knowledge and control of the opposing party. *Id.* (citing *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489-490 (6th Cir. 1990)). Even then, "the plaintiff must still plead a statement of facts upon which the belief is based." *Pixler v. Huff,* No. 3:11-cv-00207, 2011 WL 5597327, *15 (W.D. Ky. Nov. 17, 2011) (citing *Craighead*, 899 F.3d at 489). Moreover, "this exception must not be mistaken for license to base claims on speculation and conclusory allegations." *Sanderson*, 447 F.3d at 878. Thus, for example, allegations that "upon information and belief" the defendants generated excessive commissions, and therefore engaged in fraudulent churning, lacked specificity where the complaint offered no factual support for the inference. *Craighead*, 899 F.2d at 491. Similarly, allegations that "upon information and belief" the defendant used a prohibited accounting methodology and submitted false claims did not allege a False Claims Act violation with particularity where the complaint failed to identify a specific false claim actually submitted. *Sanderson*, 447 F.3d at 878-879.

Underlying Plaintiffs' allegations are devoid of any factual substance describing fraudulent conduct by Medical Protective. Their allegations "upon information and belief" that

Medical Protective assisted Durrani in fleeing the country are just as sparse, speculative, and conclusory as allegations that "defendants' conduct generated excessive fees" or "defendants submitted false claims." As in *Sanderson* and *Craighead*, Underlying Plaintiffs' allegations fail to satisfy Fed. R. Civ. P. 9.

Similarly, Underlying Plaintiffs' summaries of criminal statistics and speculation of "what might have occurred" had Durrani remained in the United States do not aid their cause. (Doc. 153, Am. Countercl. ¶¶ 4-6.) The criminal statistics have nothing to do with Medical Protective. Speculation based on the Underlying Plaintiffs beliefs as to the outcome of any criminal proceedings against Durrani and the outcome of the Underlying Lawsuits fuels the conclusion that the Amended Counterclaim creates only "speculation or suspicion of a legally cognizable claim". This is not sufficient to survive a motion to dismiss. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), (citing *Twombly*, 550 U.S. at 555 ("The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." [*Emphasis* original.])); *Oinonen v. TRX, Inc.*, No. 3:09-cv-1450, 2010 WL 396112, *3 (N.D. Tex. Feb. 3, 2010) (statistical evidence is only "an argument").

This Court has previously advised counsel for the Underlying Plaintiffs on their pleading obligations:

> Moreover, this Court expressly advised Plaintiffs' counsel in a related case on September 13, 2013 of the deficiencies in his several prior attempts to amend and warned that failure to amend properly would result in dismissal without leave to try to amend again. *** The proposed SAC [second amended complaint] here was filed on November 12, 2013, two months after the Court's issuance of that explicit warning, and yet the proposed SAC again presents the very same deficiencies the Court previously and explicitly required and instructed Plaintiffs' counsel to correct.

*Arnold*, 2014 WL 2896838, at *14. Counsel for Underlying Plaintiffs has once again failed to comply with the Federal Rules of Civil Procedure. Underlying Plaintiffs have not pled fraud with particularity, instead asserting legal conclusions and speculation as the basis for their claims. For these reasons, Medical Protective respectfully moves the Court to dismiss the Amended Counterclaim.

### IV. UNDERLYING PLAINTIFFS HAVE NOT ALLEGED A PLAUSIBLE CLAIM OF FRAUD

#### A There Is No Misrepresentation Of A Material Fact By Medical Protective

In addition to lacking specificity, the Amended Counterclaim does not allege a *prima facie* case of fraud against Medical Protective. Fraud requires proof of a material misrepresentation or concealment by the defendant to the plaintiff, made with knowledge of its falsity, that induces the plaintiff to act. *See Derby City Capital, LLC*, 949 F. Supp. 2d at 734 (dismissing fraud claim where no allegation of misrepresentation by the defendants); *Repokis v. Deutsche Bank Nat. Trust Co.,* No. 11-15145, 2012 WL 2373350, *2 (E.D. Mich. June 25, 2012 (dismissing fraud claim where the complaint failed to allege a misrepresentation to the plaintiff); *In re National Century Financial Enterprises, Inc.,* 504 F. Supp. 2d 287, 314 (S.D. Ohio 2007) (identifying elements of fraud). "In order for representations to have the requisite fraudulent intent, it must have been intended that they should be acted on by the party complaining of fraud." *Hayes v. Computer Assocs. Int'l., Inc.*, No. 3:02CV7452, 2003 WL 21478930, *5 (N.D. Ohio June 24, 2003); *see also Hammond v. Citibank, N.A.,* No. 2:10-CV-1071, 2011 WL 4484416, *9 (S.D. Ohio Sept. 27, 2010) (holding that the plaintiff's reliance on the allegedly false affidavit supplied by the defendant in state court insufficient to maintain fraud where there was no evidence that the affidavit induced the plaintiff to act).

The Amended Counterclaim does not identify a single misrepresentation by Medical Protective to Underlying Plaintiffs. Underlying Plaintiffs merely allege Medical Protective "encouraged Dr. Durrani to flee from the United States," "made it clear to him what effect his flight would have upon his liability insurance coverage," and "has not attempted to have Dr. Durrani cooperate in defending claims because his failure to cooperate is essential in avoiding or voiding coverage." (Doc. 153, Am. Countercl. ¶¶ 8, 12.) None of these allegations amount to a misrepresentation by Medical Protective, no less a misrepresentation by Medical Protective to Underlying Plaintiffs that induced them to act in some way. *EBS of Ohio, Inc. v. United Re Ag*, 2:09-cv-836, 2010 WL 3769185, *3 (S.D. Ohio Sept. 27, 2010); *One Bank & Trust, N.A. v. Galea*, No. 4:11CV00567, 2012 WL 1030113, *2 (E.D. Ark. Mar. 27, 2012). Nor can Underlying Plaintiffs base their purported cause of action for fraud on the conduct of third parties. *Supra*, at 6-7. As such, the alleged statements of defense counsel for Durrani and CAST in the Underlying Lawsuits, "even if taken as true, are not relevant and have no direct bearing on the litigation." *Derby City Capital, LLC,* 949 F. Supp. 2d at 734.

As in *Derby City Capital, Repokis, Hayes,* and *Hammond*, where there was no evidence that the defendant misrepresented anything to the plaintiff, the Amended Counterclaim fails to state a claim.

### B. There Is No Reasonable Reliance By Underlying Plaintiffs

Fraud also requires reasonable reliance on the misrepresentation to the plaintiff's detriment. *In re National Century Financial Enterprises, Inc.,* 504 F. Supp. 2d at 314. Underlying Plaintiffs cannot show reasonable reliance because it is per se unreasonable to rely on the statements of one's adversary: "Ordinarily, litigation adversaries are not engaged in a transaction where they seek to encourage each other's reliance." *Mitchell v. Whitaker*, 33 Ohio

App. 3d 170, 171, 514 N.E.2d 937 (8th Dist. 1986); *see also Booher v. Booher*, 1995 WL 407128, *5 (11th Dist. 1995).

Additionally, the supposed factual timeline confirms no justifiable reliance by Underlying Plaintiffs. Underlying Plaintiffs sustained their personal injuries prior to any of the conduct of which they now complain occurred. It is illogical for Underlying Plaintiffs to claim they detrimentally relied on purported statements of Medical Protective made ***after*** they sustained injury. *Brown v. Whirlpool Corp.,* 996 F. Supp. 2d 623, 645 (N.D. Ohio 2014) (finding no reasonable reliance where the plaintiff sustained their personal injuries before the alleged misprestation). Indeed, Underlying Plaintiffs' positions have not changed at all: They can still pursue their medical malpractice actions against Durrani. As Underlying Plaintiffs did not reasonably rely on any misrepresentation by Medical Protective to their detriment, the Amended Counterclaim is subject to dismissal.

### C. There Are No Damages

The final element for fraud requires injury resulting from reliance on the material misrepresentation. *In re National Century Financial Enterprises, Inc.,* 504 F. Supp. 2d at 314; *see also Florida Carpenters Regional Counsel Pension Plan v. Eaton Corp.*, 964 F. Supp. 2d 875, 891 (N.D. Ohio 2013) (affirmed 572 Fed. Appx. 356 (6th Cir. 2014)) (noting in securities fraud action that the complaint must specify the relevant economic loss the plaintiff allegedly sustained; unsupported allegations that misstatement caused loss are merely "boilerplate" and are insufficient to plead loss causation); *Williams v. State Farm Ins. Co.,* 781 F. Supp. 2d 519, 525 (E.D. Mich. 2011) (dismissing fraud where the plaintiff did not specify what injury he suffered); *Chires v. Cumulus Broadcasting, LLC*, 543 F. Supp. 2d 712, 722 (E.D. Mich. 2008) (recognizing "recovery is not permitted in a tort action for remote, contingent, or speculative damages.").

Underlying Plaintiffs have no injury.  In fact, not one Underlying Plaintiff, with the exception of Pierce, articulated any specific damage or injury.  (*See* Am. Countercl. ¶ 28, alleging Underlying Plaintiffs "will suffer damages …")  As to Pierce, she has not sustained injury on account of any alleged fraudulent conduct by Medical Protective.  Pierce received a $790,000 judgment *against Durrani/CAST* (not Medical Protective) to compensate her for personal injuries purportedly resulting from Durrani/CAST's negligence, not from any conduct by Medical Protective.  Pierce's status has not changed.  She currently has that judgment, which is presently on appeal to the Court of Appeals of Ohio, First Appellate District, Case No. C1400276.  Whether Medical Protective is obligated to indemnify Durrani/CAST for that judgment is a contractual issue based on the insurance policies issued to Durrani and CAST, not Pierce or any Underlying Plaintiff.

As Underlying Plaintiffs have not identified an injury separate from their personal injury claim, which was proximately caused by their reliance on a material misrepresentation by Medical Protective, the Amended Counterclaim is subject to dismissal.

V. **UNDERLYING PLAINTIFFS' ALLEGATIONS REGARDING DEFENSE COUNSEL FOR DURRANI AND CAST IN THE UNDERLYING LAWSUITS ARE IMPROPER**

Underlying Plaintiffs base the majority of their Amended Counterclaim on the conduct of defense counsel for Durrani and CAST in the Underlying Lawsuits.  In fact, Underlying Plaintiffs go so far as to allege as a basis of their Amended Counterclaim for fraud *against Medical Protective* that, defense counsel has made false representations to them, that defense counsel has a conflict of interest, and that "Defendant hospitals' counsel and Dr. Durrani's counsel share information and cooperate against the Underlying Plaintiffs in this action."  (Doc. No. 153, Am. Countercl. §§ 13-19.)  These allegations do not pertain to any conduct by Medical

Protective or even with this Declaratory Judgment action, which turns on whether Durrani and CAST have cooperated with Medical Protective as required under the terms of the insurance policies. The Underlying Plaintiffs cannot use this Court as a springboard for a disguised legal malpractice action against defense counsel for Durrani and CAST in the Underlying Lawsuits, whom they have no attorney-client relationship with. *Warman v. L. Patrick Mulligan & Assoc. Co.*, 2009 WL 1114479, 2009-Ohio-1940, ¶ 19 (2d Dist. 2009); *see also Hensley v. Durrani*, 2013 WL 5777076, 2013-Ohio-4711, ¶ 19 (1st Dist. 2013) (rejecting counsel's attempt to disguise a medical malpractice claim against Durrani as fraud); *Wilkey v. Hull*, 598 F. Supp. 2d 823, 831-32 (S.D. Ohio 2009) (affirmed 366 Fed. App. 634 (6th Cir. 2010) ("Ohio law is clear that an attorney is generally immune from malpractice or professional negligence claims brought by third parties."). Accordingly, Medical Protective respectfully moves the Court to dismiss the Amended Counterclaim.

## VI. UNDERLYING PLAINTIFFS HAVE NOT ALLEGED A PLAUSIBLE CLAIM OF CONSPIRACY TO COMMIT FRAUD

While Underlying Plaintiffs titled their cause of action "Conspiracy to Commit Fraud and Fraud," the Amended Counterclaim lacks any allegations regarding a conspiracy. Outside of the title, the word "conspiracy" is never mentioned. The Amended Counterclaim does not mention any elements of a conspiracy, such as a malicious combination of two or more persons or the existence of an unlawful act independent from the actual conspiracy, no less factual support to back these elements up. *Kenty v. Transamerica Premium Ins. Co.,* 72 Ohio St. 3d 415, 419, 650 N.E.2d 863, 866 (1995) (defining civil conspiracy). Accordingly, the Amended Counterclaim fails to state a claim for conspiracy, and should be dismissed. *See, e.g., In re National Century Financial Enterprises, Inc.,* 504 F. Supp. 2d at 330 (dismissing conspiracy to commit fraud claim

where the complaint contained no allegations to support the existence of a common understanding or that the parties entered into a malicious combination to injure another).

## VII. CONCLUSION

Underlying Plaintiffs have not offered any facts that make it plausible for the Court to conclude that Medical Protective engaged in any fraud. Indeed, the Amended Counterclaim contains no factual allegations of fraud by Medical Protective. It improperly attacks non-parties, such as defense counsel for Durrani and CAST in the Underlying Lawsuits, and it is grounded in speculation and conjecture. Accordingly, Medical Protective respectfully moves the Court, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss the Amended Counterclaim.

Respectfully submitted,

*/s/Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
THOMAS D. LAMBROS (00049206), *Of Counsel*
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 *Fax (440) 838-7601
Email: Steven.Janik@janiklaw.com
         Crystal.Maluchnik@janiklaw.com

GEOFFREY C. LAMBERT (Pro Hac Vice)
THE MEDICAL PROTECTIVE COMPANY
5814 Reed Road
Fort Wayne, Indiana 46835
260-486-0390 * Fax: 260-486-0784
Email: Geoff.Lambert@medpro.com

*Attorneys for Plaintiff/Counterclaim-Defendant The Medical Protective Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                */s/Crystal L. Maluchnik*
                                *One of the Attorneys for Plaintiff/Counterclaim-Defendant The Medical Protective Company*