UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | Case No. 1:14-cv-5 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| CENTER FOR ADVANCED SPINE TECHNOLOGIES, *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION REGARDING CONSENT TO SETTLE UNDER ITS POLICIES (Doc. 222)**

This civil action is before the Court on Plaintiff's motion regarding consent to settle under its policies (Doc. 222) and the parties' responsive memoranda (Docs. 224, 225, 226, 227, 228).

## I.  BACKGROUND

Plaintiff Medical Protective Company issued insurance policies to Defendant Abubakar Atiq Durrani, M.D. ("Dr. Durrani").[1]  These Policies include a clause which requires Plaintiff to obtain Dr. Durrani's consent before Plaintiff settles any claim against Dr. Durrani.  (*See* Docs. 174-3 through 174-6) ("D. The Company shall not compromise any claim hereunder without the consent of the Insured.").  In 2013, Dr. Durrani fled the

---

[1]  MPC issued Policy No. 696241 to Dr. Durrani, effective January 1, 2009 to January 1, 2010.  The policy was renewed on an annual basis through December 31, 2013.  (Doc. 174 at ¶ 19).  Policy No. 696241 and the renewal policies will be referred to collectively as "Policies" herein.  The instant motion does not address insurance policies issued to Defendant Center for Advanced Spine Technology (CAST).  (*See* Doc. 228 at 2).

country after being indicted by a federal grand jury on a number of counts of criminal behavior. (Doc. 174 at ¶¶ 24–33; Docs. 174-11, 174-12). In an e-mail dated December 23, 2013, Dr. Durrani advised Plaintiff as follows: "I will not be able to return back to the US and unfortunately will not be able to assist in any way in defense of these civil cases." (Doc. 174 at ¶ 32; Doc. 174-15). Plaintiff represents that, since Dr. Durrani's e-mail of December 23, 2013, Dr. Durrani has, in fact, never cooperated with respect to the defense of the underlying litigation, nor attended nor assisted in preparation and trial in the underlying litigation. (Doc. 222 at 2; Doc. 174 at ¶ 34).[2]

On August 5, 2015, the Court conditionally certified this matter as a class action. (Doc. 217). The parties advise that this matter proceeded to mediation on August 31, 2015. Plaintiff now seeks an order declaring that Plaintiff may settle any of the underlying claims without Dr. Durrani's consent because he has waived, or should be estopped from asserting, his right to consent to settlement.

## II. ANALYSIS

**A. Waiver**

"Waiver is a voluntary relinquishment of a known right and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861

---

[2] A number of parties filed responses to the instant motions. (Docs. 224, 225, 226, 227). These parties do not oppose efforts by Plaintiff to settle this case or the underlying litigation. However, they are concerned that the Court's decision on the instant issue will have an impact on other issues in the case. <u>This Order will not have any binding effect on other issues in the case</u>, including: (1) whether Dr. Durrani and CAST breached their duties to cooperate under the relevant policies; and (2) whether Plaintiff owes Dr. Durrani and CAST a duty to defend or indemnify them in the underlying litigation. <u>The Court does not deem any party to have waived their right to be heard on those issues.</u>

N.E.2d 109, ¶ 49.  A waiver of a contractual term may arise by express words or be implied by conduct.  *Catz Ent., Inc. v. Valdes*, 7th Dist. Mahoning Nos. 07MA201, 07MA202, and 08MA68, 2009 WL 3003925, at *8 (Sept. 17, 2009) (citing *White Co. v. Canton Transp. Co.*, 131 Ohio St. 190, 2 N.E.2d 501 (1936)).  Regardless of whether a waiver is express or implied, it must be intentional and not "[m]ere negligence, oversight, or thoughtlessness." *State Farm Mutual Auto. Ins. Co. v. Ingle*, 180 Ohio App.3d 201, 207–08, 2008-Ohio-2726, 904 N.E.2d 934 (2d Dist.).

Here, Dr. Durrani intentionally left the country in response to his criminal indictment and has expressly refused to participate in his defense in civil claims brought against him.  (*See* Doc. 174 at ¶¶ 24–33; Doc. 174-15).  For these reasons, Plaintiff has been unable to obtain Dr. Durrani's consent with respect to the mediation.  Dr. Durrani's voluntary and intentional conduct warrants the conclusion that Durrani has relinquished his right to consent to settlement under the Policies.

### B. Equitable Estoppel

Equitable estoppel "is a device by which courts bind parties to presentments made upon which an opposing party relies to his . . . detriment. . . ." *Smith v. Safe Auto Ins. Co.*, 179 Ohio App.3d 240, 247, 2008-Ohio-5806, 901 N.E.2d 298 (6th Dist.).  As one Ohio court has explained:

> The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice.  *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006–Ohio–2625, 849 N.E.2d 268, ¶ 43.  A party may invoke the doctrine of equitable estoppel where it has "relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance [was] reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was

misleading." *Ohio State Bd. of Pharmacy v. Frantz,* 51 Ohio St.3d 143, 145, 555 N.E.2d 630 (1990).

*Cristino v. Bur. of Workers' Comp.*, 10th Dist. Franklin No. 12AP-60, 2012–Ohio–4420.

Dr. Durrani has expressly stated that he will not return to the United States or otherwise assist in the defense of the civil cases pending against him. (*See* Doc. 174 at ¶ 32; Doc. 174-15). Plaintiff now seeks to participate in mediation and to potentially enter into settlement in reasonable reliance on Dr. Durrani's representation. Therefore, the doctrine of estoppel applies to prevent Dr. Durrani from asserting his right to consent to settlement under the Policies.

## IV. CONCLUSION

Accordingly, for the foregoing reasons:

1. Plaintiff's motion regarding consent to settle under its policies (Doc. 222) is **GRANTED**;

2. To promote the productive mediation of this litigation, the Court deems it necessary and appropriate for Plaintiff to enter settlement negotiations and resolve this litigation without obtaining Defendant Abubakar Atiq Durrani's consent;

3. Any settlement entered into by Plaintiff without Defendant Abubakar Atiq Durrani's consent will not be in breach of the terms of the insurance policies issued by Plaintiff to Defendant Abubakar Atiq Durrani; and

4. Plaintiff shall be immunized from liability, including bad-faith liability, to Defendant Abubakar Atiq Durrani for entering into a settlement without his consent.

**IT IS SO ORDERED**.

Date: 9/23/15 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge